[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10692
Non-Argument Calendar

_____

D. C. Docket No. 07-00218-CR-J-32-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIJON RENARD JASMIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 25, 2008)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Dijon Renard Jasmin appeals his 180-month sentence for possession of a

firearm by a convicted felon. Jasmin's sole contention is that in finding he qualified as an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, the district court violated his Sixth Amendment rights by considering prior convictions that were neither admitted by him nor found by a jury. Jasmin concedes that Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), forecloses his challenge. He argues, however, that later Supreme Court decisions seem to have called into question the holding in Almendarez-Torres and raises his objection in order to preserve it for further review in the event that the Supreme Court overrules Almendarez-Torres.

The objection is duly noted and preserved in case the Supreme Court changes the law in the future. In the meantime, we have to follow the law on this issue as it is. United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005); United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005); see also Hohn v. United States, 524 U.S. 236, 252-53, 188 S.Ct. 1969, 1978 (1998) (instructing that Supreme Court "decisions remain binding precedent until [it] see[s] fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing vitality").

**AFFIRMED.**